[No. G044185. Fourth Dist., Div. Three. May 23, 2011.]

YAN SUI, Plaintiff and Appellant, v.
STEPHEN D. PRICE et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*This opinion is certified for publication with the exception of the following: The third paragraph, fourth paragraph, fifth paragraph, and footnote 1, in the Discussion section under the subheading titled *Standard of Review*; the entire sections under the following subheadings titled: *Plaintiff Failed to State Facts Constituting a Cause of Action for Fraud; There Is no Cause of Action for Conspiracy to Defraud; Plaintiff's Trespass Cause of Action Is Time-barred; Plaintiff's Intentional Infliction of Emotional 2 Distress Cause of Action Is Time-barred; Plaintiff Failed to State Facts Constituting a Cause of Action for Violation of Due Process; Plaintiff's Conversion Cause of Action Is Time-barred; Plaintiff's Cause of Action for Libel of Character Is Time-barred; Plaintiff Failed to State Facts Constituting a Cause of Action for Declaratory Relief.*

## COUNSEL

Yan Sui, in pro. per., for Plaintiff and Appellant.

Bonne, Bridges, Mueller, O'Keefe & Nichols, Margaret M. Holm, Robert A. Zermeno, Jr., and Anne K. Bagley for Defendants and Respondents.

## OPINION

**IKOLA, J.**—Plaintiff Yan Sui appeals from the judgment dismissing with prejudice his action against defendants Stephen D. Price and 2176 Pacific Homeowners Association after the court sustained without leave to amend defendants' demurrer to plaintiff's complaint. The court ruled the complaint did not state facts sufficient to constitute a cause of action and could not be fixed. We affirm.

### FACTS

Accepting "as true all material allegations of the complaint" (*Bernson v. Browning-Ferris Industries* (1994) 7 Cal.4th 926, 929 [30 Cal.Rptr.2d 440, 873 P.2d 613]), we draw the following facts from plaintiff's complaint.

The case involves plaintiff's 1987 Mitsubishi van, which was registered in the name of his wife, Pei-yu Yang. From 1995 to 2003, plaintiff used the van to drive his family, including three young children, to various destinations, including to school, local parks, and vacation spots. Plaintiff also used the van to make deliveries for a printing brokerage business.

In 2003, the van's engine broke down. From 2003 to February 2007, plaintiff kept the inoperable, locked van parked in his exclusive parking space

between units C and D. Plaintiff's family, including his children, developed a "strong bond" with the van. It was part of their "family, just like some people with their pets." The van served as a memory of the good times the family had experienced.

From 2005 to 2006, Michelle J. Matteau parked her boat in her parking space between units B and C. Her tenants at that time parked their car behind the boat in violation of the homeowners association's CC&R's (covenants, conditions, and restrictions). Matteau's tenants' car blocked plaintiff's car from going in and out of the garage. Plaintiff complained to the then president of the association, Sean Wiggins, and asked Wiggins to have Matteau remove the boat. Matteau removed her boat.

In late 2006, Price, the current president of the homeowners association commenced the process to amend the association's parking rule, assisted by the law firm of Harkins. Price e-mailed the amended parking rule to all the homeowners. The amendment primarily revised two provisions. It made parking in front of a garage permissible, and prohibited disabled, inoperable vehicles. Plaintiff believed Price was exercising personal retaliation against him, but Price denied the allegation.

In about December 2006, Price informed the homeowners that the amended parking rule had been approved by majority vote and was "immediately effective." Plaintiff voiced his opposition and asked to see the voting record. Price claimed plaintiff was ineligible to view the record because he was not a board member.

Defendants' claim that the amended parking rule was "immediately effective" was false, because the amended parking rule had not yet been recorded with the county, as required under the Davis-Stirling Common Interest Development Act (Civ. Code, § 1350 et seq.), Civil Code section 1355, subdivision (b), cited in *Villa De Las Palmas Homeowners Assn. v. Terifaj* (2004) 33 Cal.4th 73, 82–83 [14 Cal.Rptr.3d 67, 90 P.3d 1223].

In January 2007, Price walked uninvited onto plaintiff's exclusive parking space and placed a warning sticker on the back windshield of the van. Plaintiff walked out and warned Price not to touch plaintiff's property. Price replied, "I am not touching it," and left plaintiff's parking space. The warning on the sticker stated in relevant part, "Your vehicle was in violation of the parking rule and you shall tow it away in X days. If XXX fail to do so, XXX will tow it away."

In February 2007, plaintiff was sick and taking a nap when one of his children told him a tow truck was there to tow the van. Plaintiff went to the parking space and saw a tow truck with the logo "South Coast Towing" parked by his van. The operator said he was towing the van away at the association's request. Plaintiff noticed Price and Matteau watching from a distance, smiling, along with other neighbors.

Plaintiff's children waved protest signs, which said "get a life," at Price and Matteau. His wife asked them to use their energy to make some babies. A police officer came to the scene, apparently at Price and Matteau's behest. Plaintiff controlled his anger rather than escalate the confrontation. Price and Matteau used their position with the homeowners association to humiliate plaintiff in front of his children for his inability to protect his personal property.

About two months later, plaintiff's wife received a bill from a collection agency for about $1,700.00. This charge impacted the credit standing of plaintiff and his wife. Their application to refinance the house was denied and the wife's application for a credit card was denied. Their credit report showed the wife had an "open collection account" from May of 2007 of about $2,000.

Recently, plaintiff insisted on seeing the voting records on the parking rule amendment. Price claimed the parking rule was not amended and that no amendment was necessary in order to tow away plaintiff's van.

Defendants intentionally engaged in wrongful and despicable conduct with conscious disregard of plaintiff's rights and with the intention to injure him. Defendants caused injury to plaintiff and his family. Defendants' willful misconduct was intended to retaliate against and to humiliate plaintiff. Defendants' wrongful acts constitute oppression, fraud, or malice under Civil Code section 1572, entitling plaintiff and his family to punitive damages.

Based on these asserted facts, plaintiff filed his complaint on March 15, 2010, against Price, the homeowners association, and Doe defendants, alleging causes of action for fraud, breach of contract, conspiracy to defraud, trespassing, intentional infliction of emotional distress, violation of due process, conversion, libel of character, and declaratory relief. Plaintiff sought compensatory, incidental, and consequential damages of $2,000 and punitive damages of $58,000.

Defendants demurred on April 28, 2010, on grounds the causes of action were factually insufficient, vague, and as to some of plaintiff's claims, barred by the statute of limitations.

The court issued a written order sustaining the demurrer without leave to amend on grounds the complaint "has not stated facts sufficient to constitute a cause of action, and there is no way to fix the [c]omplaint." Judgment was entered against plaintiff and his action was dismissed.

## DISCUSSION

*Standard of Review*

" 'Because a demurrer both tests the legal sufficiency of the complaint and involves the trial court's discretion, an appellate court employs two separate standards of review on appeal. [Citation.] . . . Appellate courts first review the complaint de novo to determine whether or not the . . . complaint alleges facts sufficient to state a cause of action under any legal theory, [citation], or in other words, to determine whether or not the trial court erroneously sustained the demurrer as a matter of law.' " (*Filet Menu, Inc. v. Cheng* (1999) 71 Cal.App.4th 1276, 1279 [84 Cal.Rptr.2d 384] (*Filet*).) " 'A demurrer tests the pleading alone, and not the evidence or the facts alleged.' [Citation.] For that reason, we 'assume the truth of the complaint's properly pleaded or implied factual allegations.' [Citation.] We also 'consider judicially noticed matters.' " (*E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1315 [64 Cal.Rptr.3d 9].) "Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58] (*Blank*).) We do not assume the truth of pleaded " 'contentions, deductions or conclusions of fact or law.' " (*Ibid.*) "Because [defendant] was denied leave to amend we construe [the complaint's] allegations liberally 'with a view to substantial justice between the parties.' " (*CAMSI IV v. Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525, 1530 [282 Cal.Rptr. 80].) "[I]t is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].) The plaintiff "bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law" and "must show the complaint alleges facts sufficient to establish every element of [the] cause of action." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43 [96 Cal.Rptr.2d 354].)

" 'Second, if a trial court sustains a demurrer without leave to amend, appellate courts determine whether or not the plaintiff could amend the

complaint to state a cause of action.' " (*Filet, supra,* 71 Cal.App.4th at p. 1280.) "[W]e decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank, supra,* 39 Cal.3d at p. 318.)[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Plaintiff Failed to State Facts Constituting a Cause of Action for Fraud*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Plaintiff Failed to State Facts Constituting a Cause of Action for Breach of Contract*

As to the breach of contract cause of action, the complaint alleged that defendants violated the association's CC&R's (a contract between him and the association)[2] by discriminating against him in violation of article VI, section 3 (Association Rules) of the CC&R's (since he was the only homeowner with a disabled vehicle at that time); enforcing the CC&R's by inappropriate means in violation of article VI, section 1 (General Duties and Powers) of the CC&R's; and permitting parking in front of garage doors through the purported amendment in violation of article XI, section 5 of the CC&R's.

First, as to the discrimination claim, plaintiff alleges that article VI, section 3 of the CC&R's provides "[t]hat the Association Rules may not discriminate among Owners, and shall not be inconsistent with this Declaration, the Articles or Bylaws." Plaintiff alleges he is the only homeowner with a disabled vehicle, and, because "other owners did not have a disabled vehicle at that time[ the rule] amendment was taylor-made [*sic*] for Plaintiff's van." But the alleged parking rule does not single out plaintiff. It is equally applicable to all homeowners. True, an operating rule of a homeowners association must be tethered to reasonableness, just like the CC&R's. (See Civ. Code, §§ 1357.110, subd. (e) [operating rule must be reasonable], 1354 [CC&R's are enforceable unless unreasonable].) Whether a rule is reasonable "is to be determined *not* by reference to facts that are specific to the objecting homeowner, but by reference to the common interest development as a whole." (*Nahrstedt v. Lakeside Village Condominium Assn.* (1994) 8 Cal.4th

---

[*]See footnote, *ante,* page 933.

[2] Plaintiff does not allege Price is a party to the contract.

361, 386 [33 Cal.Rptr.2d 63, 878 P.2d 1275] [pet restriction prohibiting cats or dogs but allowing other pets was reasonable].) Use restrictions in CC&R's "should be enforced unless they are wholly arbitrary, violate a fundamental public policy, or impose a burden on the use of affected land that far outweighs any benefit." (*Id.* at p. 382.) We see no reason to apply a different test for reasonableness of an association's operating rules, especially since a rule adopted by the association's board may be reversed by majority vote of the homeowners at a meeting called on petition of only 5 percent of the separate interests in the association. (Civ. Code, § 1357.140.) ■ Simply put, there is nothing unreasonable about prohibiting the open, long-term parking of disabled vehicles. The association was perfectly reasonable in prohibiting this unsightly intrusion upon the aesthetics of their common interest development.

■ Second, as to the alleged breach of contract by inappropriate enforcement of the rules, plaintiff alleges that article VI of the CC&R's provides in part that the board's duties include the enforcement of the "Association Rules . . . by appropriate means." Although plaintiff does not explicitly say what *inappropriate* means were employed, presumably he means the towing of his disabled vehicle. One wonders—how else would the prohibition on parking disabled vehicles be enforced against a recalcitrant homeowner? Moreover, Vehicle Code section 22658, subdivision (a), permits an association of a common interest development to remove a vehicle parked on the property under a variety of circumstances, including the giving of notice of the parking violation, and the lapse of 96 hours after such notice. (*Id.,* subd. (a)(2).) Plaintiff does not allege, nor does he offer to allege, that the provisions of Vehicle Code section 22658 were violated. Thus, it is not inappropriate to enforce a parking rule in the manner authorized by law.

■ Finally, plaintiff alleges a breach of article XI, section 5 of the CC&R's. Plaintiff failed to allege what article XI, section 5 provides. That alone would be sufficient to sustain the demurrer. It is impossible to rule on an alleged breach without knowing what promise was not kept. Plaintiff's complaint does go on to allege that the parking rules were void because they were not recorded with the county. There is no requirement that operating rules of an association be recorded. (See Civ. Code, § 1357.110 [listing requirements for the validity and enforceability of operating rules].) Plaintiff does not allege anywhere in his complaint that the CC&R's were amended, which, of course, would require recordation.[3] (See Civ. Code, § 1355, subd. (a).)

---

[3] It does not appear the complaint can be amended on this point. Plaintiff attached to his opening brief on appeal a copy of Price's e-mail dated September 8, 2009, which stated: "The CC&R's were not amended, an amendment is not required in order to adopt rules to address the parking problem. All the procedures laid out in section 1357.130 of the Civil Code were adhered to in adopting the rules in regards to parking. . . . You were notified of the change,

The demurrer to the breach of contract cause of action was properly sustained without leave to amend.

*There Is no Cause of Action for Conspiracy to Defraud*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Plaintiff's Trespass Cause of Action Is Time-barred*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Plaintiff's Intentional Infliction of Emotional Distress Cause of Action is Time-barred*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Plaintiff Failed to State Facts Constituting a Cause of Action for Violation of Due Process*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Plaintiff's Conversion Cause of Action Is Time-barred*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Plaintiff's Cause of Action for Libel of Character Is Time-barred*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Plaintiff Failed to State Facts Constituting a Cause of Action for Declaratory Relief*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

given a copy of the new rules, asked to move the van numerous times and finally, notice was placed on your van prior to towing. All legal requirements were met prior to towing your van." Plaintiff does not offer to allege that the CC&R's were invalidly amended.

[*]See footnote, *ante*, page 933.

## DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal.

Bedsworth, Acting P. J., and Fybel, J., concurred.

A petition for a rehearing was denied June 20, 2011, and appellant's petition for review by the Supreme Court was denied August 17, 2011, S194487.