Filed 6/29/15  Gonzalez v. Alta Standard One CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| JAIME DEJESUS GONZALEZ, | B257876 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC506777) |
| v. | |
| ALTA STANDARD ONE, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle Rosenblatt, Judge.  Affirmed.

Orloff & Associates and Paul Orloff for Plaintiff and Appellant.

Mitchell Silberberg & Knupp, Stephen E. Foster, Nahla B. Rajan, for Defendant and Respondent.

_____

Plaintiff and appellant Jaime DeJesus Gonzalez appeals from the judgment dismissing with prejudice his action for defamation of title and declaratory relief against defendant and respondent Alta Standard One, LLC (Alta). The trial court granted Alta's request to take judicial notice of multiple documents and sustained without leave to amend Alta's demurrer to Gonzalez's complaint.

Prior to briefing, this court issued an order requiring the parties to address whether Gonzalez's failure to provide a reporter's transcript of the hearing, settled statement, or other suitable substitute warranted affirmance. The parties disagree as to whether the absence of a reporter's transcript precludes review on the merits. Gonzalez contends the trial court's ruling that relitigation of the issue of title is barred by the res judicata effect of his prior action to quiet title was incorrect as a matter of law, such that review of the reporter's transcript is unnecessary. Alta disagrees. It contends affirmance is warranted based on the inadequacy of the record, but that Gonzalez's claims fail regardless, because he cannot allege that he owns the property at issue for reasons raised in the demurrer.

We affirm.

## FACTS AND PROCEDURAL HISTORY[1]

In 2005, Gonzalez met Harold Mansdorf, who lived in the property located at 811 N. Alta Drive, Beverly Hills, CA 90210 (the Property), which is the subject of the current dispute. Gonzalez assisted Mansdorf in several lawsuits relating to the Property.

---

[1] Because we are reviewing a judgment entered after the sustaining of a demurrer without leave to amend, the following factual statement is drawn from Gonzalez's complaint and documents of which the court took judicial notice. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; Code Civ. Proc., § 430.30, subd. (a).) Where the facts pleaded are contradicted by judicially noticeable facts, the pleaded facts are disregarded. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877.)

**The McClanahan Action**

On January 23, 2008, Janice McClanahan obtained a $12 million judgment against Mansdorf and his sister Mildred, jointly and severally (*McClanahan v. Mansdorf* (Super. Ct. L.A. County, 2008, No. BC363659)). On April 18, 2008, McClanahan recorded an abstract of judgment, placing a lien on the Property. At that time, the Property was titled in the name of Harold Mansdorf as Trustee of the Mansdorf Family Revocable Trust.

A few months later, on July 3, 2008, Mansdorf executed a grant deed conveying the Property to himself and Gonzalez, as joint tenants with right of survivorship. The deed was not recorded at that time.

Mansdorf subsequently filed several unsuccessful motions and appeals in an attempt to set aside the judgment in the McClanahan case.

On April 9, 2012, McClanahan filed an application for order to sell the Property. The application stated that the Property was titled in the name of "Harold Mansdorf as Trustee of the Mansdorf Family Trust," and prayed for an order to sell Mansdorf's right, title, and interest in and to the Property. It requested that the court set a hearing and order Mansdorf to show cause why an order to sell the Property should not be granted.

Mansdorf filed an objection and response to the order to show cause on May 10, 2012. He argued that the Property could not be sold to satisfy the lien because it was owned by the Mansdorf Family Trust, and not by Mansdorf individually. The response did not allege that Gonzalez had any interest in the Property.

Following oral argument, the court ordered the Property sold. The order for sale of the Property was issued on August 10, 2012. No appeal was taken from the order.

Harold Mansdorf died on August 27, 2012. Pursuant to Code of Civil Procedure section 701.540, the Sheriff issued a public notice of Sheriff's sale on October 1, 2012, with a sale date of October 31, 2012.

On October 30, 2012, one day before the sale was to take place, Gonzalez filed an ex parte application to stay the sale. He argued that the stay was necessary because the judgment was against Mansdorf individually, and could not reach the Property, which

3

was solely owned and possessed by The Mansdorf Family Revocable Trust. Gonzalez denied that Mansdorf had any individual interest in the Property. Gonzalez did not allege that he had any interest in the Property.

The court denied Gonzalez's ex parte application to stay the sale on October 30, 2012, and the Sheriff conducted the sale on October 31, 2012, as scheduled. Gonzalez informed all persons present at the sale that Mansdorf had died and that Gonzalez alone held title to the Property, as Mansdorf's interest had been extinguished upon his death and he and Gonzalez were joint tenants. Alta purchased the property for $4,581,500.00. A Sheriff's deed of sale of real property was executed the same day. A few weeks later, on November 13, 2012, Gonzalez recorded the July 3, 2008 grant deed, which purported to convey title to the Property to himself and Mansdorf individually, as joint tenants. The Sheriff's deed conveying all right, interest, and title of McClanahan in the Property to Alta was notarized on December 6, 2012, and recorded on December 7, 2012.

**Gonzalez's Action for Quiet Title**

On February 5, 2013, Gonzalez sued several defendants, including Alta, to quiet title in the Property (*Gonzalez v. McClanahan* (Super. Ct. L.A. County, 2013, No. SC119964)). The complaint alleged that Alta "[has] no right to title or interest in the [Property]." Gonzalez alleged that on July 3, 2008, Mansdorf, as Trustee of the Mansdorf Family Trust, conveyed the Property to himself and Gonzalez, as joint tenants.

Alta demurred. Gonzalez voluntarily dismissed the action. Following dismissal of the action, Gonzalez filed an ex parte application requesting that the court determine that the dismissal was without prejudice, claiming ignorance of the demurrer. The court's determination is not contained in the record.[2]

---

[2] Gonzalez's opening brief states that "[t]he Court in the SC119964 case made no specific determination and stated that whatever manner the case was dismissed was how it was dismissed." The opening brief relies solely on Gonzalez's sworn statement that

4

**Alta's Action for Unlawful Detainer**

Alta filed suit against Gonzalez for unlawful detainer on February 22, 2013 (*Alta Standard One, LLC v. Gonzalez* (Super. Ct. L.A. County, 2013, No. 13U00769)). Both parties moved for summary judgment. The court heard argument on May 10, 2013, and granted judgment in favor of Alta.

In its order granting summary judgment and statement of reasons issued on June 14, 2013, the court stated that it was necessary for it to determine whether Alta "held good and duly perfected title to the [Property]." It found that Alta owned the Property and had standing to seek possession on several grounds, including that: (1) "[a]n execution sale of real property is absolute"; (2) McClanahan's "abstract of judgment in [*McClanahan v. Mansdorf* (Super. Ct. L.A. County, 2008, No. BC363659)] is senior to the joint tenancy grant deed to Gonzalez," such that "Gonzalez took, if at all, subject to the judgment lien"; (3) "[a]ll issues of the propriety of the judgment lien/sheriff's sale of the [Property] were adjudicated in the [McClanahan Action;]" and (4) "[t]he order in the [McClanahan Action] is *res judicata* on the issue of ownership of the [Property]."

On June 14, 2013, judgment in the unlawful detainer case was entered in Alta's favor. The ruling of the trial court was affirmed by the Appellate Division of the Superior Court of Los Angeles County. An appeal is currently pending before Division One of this court in Case No. B261337.

**The Torjesen Action**

On March 18, 2013, Gonzalez filed a third party claim of Jaime DeJesus Gonzalez to ownership and possession of real property in the counties of Ventura and Los Angeles,

---

dismissal was without prejudice. It states "there is no evidence that the SC119964 case was dismissed with prejudice."

5

California, in the case of *Torjesen v. Mansdorf* (Super. Ct. L.A. County, 2013, No. BC425880). The third party claim alleged that Gonzalez held the Property in joint tenancy with Mansdorf as an individual, and that, upon Mansdorf's death on August 27, 2012, Gonzalez succeeded to the Property.

Gonzalez attempted to dismiss the third party claim, but the court determined the claim could not be dismissed without Torjesen's consent. Torjesen petitioned to invalidate the third party claim, and the court granted the petition.

**The Instant Matter**

On April 23, 2013, Gonzalez filed suit for defamation of title and declaratory relief against Alta. The complaint alleged that Gonzalez had an interest in the Property as a joint tenant from the time the joint tenancy was created on July 3, 2008, until Mansdorf's death on August 27, 2012, when title vested solely in Gonzalez. Because the Sheriff's sale took place after Mansdorf's death, when Mansdorf's interest in the property had been extinguished, McClanahan's judgment lien never attached to the Property. Alta therefore could not have purchased an interest in the Property. Additionally, Alta was not an entity until it filed with the Secretary of State on November 1, 2012, the day after the Sheriff's sale. Gonzalez made Alta aware of his interest in the Property prior to the sale, but Alta persisted. Alta made an unprivileged or malicious publication disparaging Gonzalez's title to the Property. Gonzalez suffered damages because he could not transfer title to the Property or encumber it. Gonzalez requested a judicial determination and declaration that he holds all right, title, and interest in the Property.

Alta demurred, and requested that the court take judicial notice of numerous pleadings and orders of the court in the actions detailed above. The demurrer requested that the court sustain without leave to amend, on the grounds that: (1) the issue of title was adjudicated in the prior proceedings discussed above; (2) the court's order for sale of the Property on August 10, 2012, and all subsequent rulings in the McClanahan action were res judicata as to all issues of title raised by Gonzalez; (3) the joint tenancy between

6

Gonzalez and Mansdorf was created after the abstract of judgment was recorded by McClanahan, and had no effect on the interest that Alta purchased; (4) there was a defect/misjoinder of parties as to Alta; (5) the complaint failed to state a cause of action for defamation of title because Gonzalez did not have title and recording a Sheriff's deed is privileged; (6) the complaint failed to state any basis for declaratory relief; and (7) the complaint was unintelligible and uncertain and the defects could not be cured.

Gonzalez filed an opposition to the demurrer on July 23, 2013. The opposition argued that: (1) the demurrer was based on facts in contradiction of the facts in the complaint, which must be taken as true; (2) Alta improperly asked the court to take notice of documents that were not judicially noticeable; (3) even if judicially noticeable, the documents did not support Alta's position; (4) because Gonzalez dismissed his action to quiet title, the issue of title to the Property was never adjudicated, so the case could not be barred by res judicata; (5) there was no defect or misjoinder of parties because Alta recorded the Sheriff's Deed and asserted a fee simple interest in the Property; (6) Alta's purchase of the Property was not privileged; and (7) Gonzalez properly pled the causes of action, but if the court adjudged the complaint to be lacking, he should be granted leave to amend.

On November 15, 2013, Alta filed a reply in support of the demurrer to the complaint, which reiterated the arguments in the demurrer.

Following a hearing and consideration of the parties' arguments, the trial court granted Alta's requests for judicial notice, and sustained the demurrer without leave to amend. The minute order stated the court sustained the demurrer without leave to amend based on the res judicata effect of *Gonzalez v. McClanahan* (Super. Ct. L.A. County, 2013, No. SC119964) (Gonzalez's action to quiet title). The judgment stated only that the court sustained the demurrer without leave to amend.

7

**DISCUSSION**

**Standard of Review and Legal Principles**

"We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. [Citation.] We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. [Citation.]" (*Siliga v. Mortgage Electronic Registration Systems, Inc*. (2013) 219 Cal.App.4th 75, 81 (*Siliga*).) We read the complaint as containing the judicially noticeable facts, "'even when the pleading contains an express allegation to the contrary.' (*Chavez v. Times-Mirror Co*. (1921) 185 Cal. 20, 23.)" (*Cantu v. Resolution Trust Corp., supra,* 4 Cal.App.4th at p. 877.) The trial court's ruling on a request for judicial notice is reviewed for abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264.) Appealed judgments are presumed correct and the appellant's obligation is to affirmatively establish error. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) On appeal from a judgment of dismissal entered as the result of the trial court having sustained a demurrer, "[t]he plaintiff 'bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law' and 'must show the complaint alleges facts sufficient to establish every element of [the] cause of action.' [Citation.]" (*Yan Sui v. Price* (2011) 196 Cal.App.4th 933, 938 (*Yan Sui*).) "'"[A] complaint otherwise good on its face is subject to demurrer when facts judicially noticed render it defective." [Citation.]' (*Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374; see Code Civ. Proc., § 430.30, subd. (a).)" (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 (*Evans*).) "We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons." (*Siliga*, *supra*, at p. 81.)

8

If the complaint is lacking, "we then consider whether the court abused its discretion in denying leave to amend the complaint." (*In re Estate of Dito* (2011) 198 Cal.App.4th 791, 800.) "'[W]e decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citation.]" (*Yan Sui*, *supra*, 196 Cal.App.4th at p. 939.) "The plaintiff can make that showing for the first time on appeal." (*Siliga*, *supra*, 219 Cal.App.4th at p. 81.)

**Analysis**

*Legal Sufficiency of the Complaint*

Gonzalez does not contend that the trial court abused its discretion in taking judicial notice, so we are not bound by the trial court's reasoning at this stage of the inquiry. Because our review is independent, the absence of a reporter's transcript, settled statement, or other suitable substitute does not prevent us from deciding whether the complaint is legally sufficient.

In his opening brief, Gonzalez challenges the trial court's ruling that the voluntary dismissal of his quiet title action bars review under the doctrine of res judicata. He argues that there was no final judgment on the issue of title to the Property in that case, and that only a final judgment can preclude review. Gonzalez does not address any of the other numerous grounds stated in the demurrer, however, and has therefore waived those arguments on review. (*Yan Sui*, *supra*, 196 Cal.App.4th at p. 938; see *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685 [failure to raise an issue in opening brief and support it by argument or citation to authority waives the issue].)[3] It is

---

[3] In his reply brief, Gonzalez raises numerous arguments that he did not make in his opening brief. This is not the purpose of a reply brief. We decline to address those

9

Gonzalez's burden to establish that the demurrer cannot be sustained on *any* of the grounds stated in the demurer. (*Siliga*, *supra*, 219 Cal.App.4th at p. 81.) Even if he were to establish the trial court erroneously determined the res judicata effect of his quiet title action barred review, he has not demonstrated the prejudice of that error, and is not entitled to reversal, unless he also establishes that the other grounds were erroneous as well. (See *Hoffman Street, LLC v. City of West Hollywood* (2009) 179 Cal.App.4th 754, 772-773 [court's error in denying relief for failure to exhaust administrative remedies was not reversible where appellant addressed the exhaustion issue, but did not establish the substantive merit of the claim].)

Regardless, Gonzalez's contention that the complaint is sufficient lacks merit. To state a cause of action for defamation of title, Gonzalez must allege "(1) a publication, which is (2) without privilege or justification, (3) false, and (4) causes pecuniary loss." (*La Jolla Group II v. Bruce* (2012) 211 Cal.App.4th 461, 472 (*La Jolla*), italics omitted.) A cause of action for declaratory relief must present "'"(1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to [the party's] rights or obligations."' [Citation.]" (*Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 909.) Gonzalez's cause of action for declaratory relief is a derivative remedy based on the validity of his defamation of title claim. As to both causes of action, the complaint must set forth facts showing that Gonzalez has an interest in the property, which he has failed to do. (See *LaJolla*, *supra*, at pp. 471-472, 478 [plaintiffs who did not have an interest in property could not establish a tenable claim for slander of title].)

All issues of the propriety of McClanahan's judgment lien and the Sheriff's sale of the Property were adjudicated in the McClanahan Action. Under California law, a cause of action is barred under principles of res judicata if "'"(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior

arguments here. (See *Paulus v. Bob Lynch Ford, Inc., supra,* 139 Cal.App.4th at p. 685 [belated attempt to address issues in reply brief does not salvage abandoned issues].)

10

proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. [Citations.]"' [Citation.]" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797 (*Boeken*).) A "'prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable.'" (*Wade v. Ports America Management Corp.* (2013) 218 Cal.App.4th 648, 657 (*Wade*), quoting *Sutphin v. Speik* (1940) 15 Cal.2d 195, 202.)

In his objection to the order to show cause regarding the sale of the Property, Mansdorf argued that the sale could not be ordered because the judgment was against him individually, and not against the Mansdorf Family Trust of which Mansdorf was "not the only beneficiary." After considering this argument, the trial court ordered the Property sold to satisfy McClanahan's judgment lien and any and all liens and encumbrances senior to McClanahan's lien, including unpaid taxes, less $175,000 that went to Mansdorf as a resident judgment debtor under the homestead exemption (Code Civ. Proc., § 704.730, subd. (a)(3)(A)). Gonzalez himself later filed an ex parte application to stay the sale based on the same reasoning, which the court denied. Thus, the question of whether McClanahan's lien attached to the Property while title was held by the Mansdorf Family Trust was decided, and decided in McClanahan's favor. Gonzalez had the opportunity to argue the instant claims in his ex parte application, but did not. The order for sale in the McClanahan Action is res judicata on the issue of ownership of the Property. (See *Boeken*, *supra*, 48 Cal.4th at p. 797; *Wade*, *supra*, 218 Cal.App.4th at p. 657.)

Moreover, Alta purchased the Property at a Sheriff's sale. Code of Civil Procedure, section 701.680, subdivision (a) provides that "a sale of property pursuant to this article is absolute and shall not be set aside for any reason." The single exception to this rule occurs when the purchaser at the sale is the judgment creditor. (Code Civ. Proc., § 701.680, subd. (c)(1).) In all other instances, the remedy is an action for damages against the judgment creditor. (Code Civ. Proc., § 701.680, subd. (c)(2).) It is undisputed that Alta is not a judgment creditor, so the sale is final as to it.

11

We conclude that, based on the allegations of the complaint and on matters which may be judicially noticed, the trial court properly sustained the demurrer. (See *Evans*, *supra*, 38 Cal.4th 1 at p. 6.)

### *Denial of Leave to Amend*

The trial court's decision to grant the demurrer without leave to amend is a matter of discretion. Here, we do not know what matters were argued or considered by the trial court at the hearing on the demurrer because Gonzalez failed to provide a reporter's transcript or other suitable substitute. "All intendments and presumptions are indulged to support [the trial court's decision] on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Gonzalez has the burden of overcoming the presumption of correctness. To do so, he must provide this court with an adequate record demonstrating the alleged abuse of discretion. Because Gonzalez did not provide an adequate record, we affirm.

Moreover, "'[Gonzalez] must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading. [Citation.]' [Citation.]" (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) In his opening brief, Gonzalez did not attempt to demonstrate that his complaint could be amended to state a cause of action. He has waived the argument on appeal, and cannot obtain reversal.

12

**DISPOSITION**

The judgment is affirmed.  Costs on appeal are awarded to Alta.


KRIEGLER, J.

We concur:


TURNER, P. J.


KIRSCHNER, J. *

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13