TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 21-501 |
|  | : |  |
| of | : | March 17, 2022 |
|  | : |  |
| ROB BONTA | : |  |
| Attorney General | : |  |
|  | : |  |
| CATHERINE BIDART | : |  |
| Deputy Attorney General | : |  |

The HONORABLE LAURIE DAVIES, ASSEMBLYMEMBER, has requested an opinion on a question related to access to common interest developments under Civil Code section 4505(a).

## QUESTION PRESENTED AND CONCLUSION

Does Civil Code section 4505(a) allow a homeowners association of a common interest development, with multiple gates all providing access to the entire community and each separate interest within it, to bar vendors from entering through certain gates?

Yes, section 4505(a) allows a homeowners association to adopt this type of regulation as a general matter. But any specific regulation must be reasonable and comply with all applicable laws.

## BACKGROUND

As we understand the scenario presented by this question, some gates are closed to vendors but other gates remain open to them. Thus, vendors have a means of ingress to each separate unit in the community, but not necessarily through the most convenient gate.

1

We are informed that a particular situation in Assembly District 73 prompted this request, and we received many comments containing competing factual assertions about a particular community and homeowners association.[1] We underscore that this opinion does not make any findings of fact or render conclusions pertaining to any particular homeowners association. As we have explained in prior opinions, "[w]e are not an adjudicative, fact-finding body."[2] Our function "is not to resolve factual disputes, or disputes as to conflicting inferences which may arise from such facts, but to render opinions on legal questions."[3]

Thus, this opinion addresses only the question of law presented in the request, which asks us to interpret Civil Code section 4505(a). That section applies in "a community apartment project and condominium project, and in those planned developments with common area owned in common by the owners of the separate interests."[4] For ease of reference, we use the terms "common interest developments" or "developments" to refer only to the types of developments listed in section 4505(a). This opinion does not address any other types of common interest developments.[5]

## ANALYSIS

The request asks whether Civil Code section 4505(a) allows a homeowners association of a common interest development to bar vendors from entering the development through certain gates. Section 4505(a) gives each separately owned interest in a common interest development a right of access through the development's common area, unless the development's "declaration" provides otherwise.[6] A declaration is a recorded document that is required to create a common interest development.[7] It governs

---

[1] We have not, however, received or reviewed this community's governing declaration or the exact language of its gate-access rules.

[2] 92 Ops.Cal.Atty.Gen. 102, 103 (2009).

[3] 64 Ops.Cal.Atty.Gen. 856, 859 (1981), quoting Indexed Letter Opinion 75-282, at p. 3, and 62 Ops.Cal.Atty.Gen. 150, 163 (1979).

[4] Civ. Code, § 4505, subd. (a); see also Civ. Code, § 4185, subd. (a)(1) (defining "separate interest" in community apartment project as exclusive right to occupy apartment) & (2) (defining "separate interest" in condominium project as separately owned unit).

[5] See, e.g., Civ. Code, § 4505, subd. (b) (referring to stock cooperative, and planned development in which association owns the common area).

[6] Civ. Code, § 4505, subd. (a).

[7] Civ. Code, §§ 4135, 4200, subd. (a), 4250.

2

a homeowners association (which manages the development) and contains restrictions on separately owned units within the development.[8] Section 4505(a) states:

> Unless the declaration otherwise provides: . . . In a community apartment project and condominium project, and in those planned developments with common area owned in common by the owners of the separate interests, *there are appurtenant to each separate interest nonexclusive rights of ingress,* egress, and support, if necessary, *through the common area.* The common area is subject to these rights.[9]

Critically, this section does not guarantee a right of ingress along any particular route or through any particular entry point. Instead, it provides general "rights of ingress . . . through the common area." A right of ingress is a right of access, or "the right or ability to enter" a location.[10] And something is "appurtenant" to a property interest when it is used with that interest for its benefit.[11] Thus, the right of ingress described in Civil Code section 4505(a) is the right to access a separate interest through the common area, for the benefit of that separate interest.

In the question presented, no separate interest has lost its right of ingress through the common area. The question contemplates that there are multiple gates to the development and that each gate provides access to the entire development and each separate interest within it. It describes a restriction that prohibits vendors from entering through certain gates while allowing them to enter through other gates. Thus, vendors may access each separate interest through at least some gate. In this scenario, the homeowners association is not denying the right of ingress conferred by section 4505(a), it is merely regulating that right.

We conclude that section 4505(a) does not prohibit this type of regulation as a general matter. To the contrary, as the California Supreme Court has recognized, "[u]se

---

[8] See Civ. Code, §§ 4250, 4800; *Villa De Las Palmas Homeowners Assn. v. Terifaj* (2004) 33 Cal.4th 73, 81 ("declaration is often referred to as the development's constitution"); *Brown v. Montage at Mission Hills, Inc.* (2021) 68 Cal.App.5th 124, n. 1 (declaration, "or more fully, 'Declaration of Covenants, Conditions and Restrictions'" is governing document of managing association).

[9] Civ. Code, § 4505, subd. (a), italics added.

[10] Black's Law Dictionary (11th ed. 2019), "ingress," definition 2 ("The right or ability to enter; access").

[11] *Ibid.*; see Civ. Code, § 662 (something is "appurtenant to land when it is by right used with the land for its benefit, as in the case of a way, or watercourse, or of a passage for light, air, or heat from or across the land of another").

restrictions are an inherent part of any common interest development" and they "may limit activities conducted in the common areas as well as in the confines of the home itself."[12]

In the alternative—that is, even if this gate-access restriction somehow affected the right of ingress established by section 4505(a)—the restriction might still be a permissible provision of a development's governing declaration. Under the terms of section 4505(a) itself, the right of ingress may be modified by a development's declaration.[13] To be sure, any regulation set forth in a declaration must be reasonable to be enforceable.[14] In general, a presumption of reasonableness applies, but a regulation is unenforceable if it is arbitrary, violates public policy, or burdens the affected property in a way that far outweighs any benefit.[15] Quoting multiple California Supreme Court cases, the Court of Appeal recently explained:

> [C]ovenants and restrictions in recorded declarations of common interest developments are presumptively reasonable [citation], and are enforceable unless they are wholly arbitrary, violate a fundamental public policy, or impose a burden on the use of affected land that far outweighs any benefit [citation]. [Citation.] Equity will not enforce any restrictive covenant that violates public policy. [Citations.] Nor will courts enforce as equitable servitudes those restrictions that are arbitrary, that is, bearing no rational relationship to the protection, preservation, operation or purpose of the affected land.[16]

Determining whether a restriction in a declaration is reasonable is done "not by reference to facts that are specific to the objecting homeowner, but by reference to the common interest development as a whole."[17] This inquiry requires examining the

---

[12] *Nahrstedt v. Lakeside Village Condominium Assn.* (1994) 8 Cal. 4th 361, 372–373.

[13] Civ. Code, § 4505, subd. (a) ("*Unless the declaration otherwise provides . . .*, there are appurtenant to each separate interest nonexclusive rights of ingress . . . through the common area," italics added).

[14] Civ. Code, § 5975, subd. (a).

[15] *Smart Corner Owners Assn. v. CJUF Smart Corner LLC* (2021) 64 Cal.App.5th 439, 469–470.

[16] *Ibid*., internal quotation marks omitted.

[17] *Sui v. Price* (2011) 196 Cal.App.4th 933, 939–940, quoting *Nahrstedt v. Lakeside Village Condominium Assn., supra,* 8 Cal.4th at p. 386.

specific documents governing an association, as well as determining facts relating to the specific development as a whole.

We note that a similar reasonableness requirement applies when the source of a gate-access regulation is in a homeowner association's operating rules (rather than the declaration).[18] In addition, operating rules must be in writing, within the association board's authority, consistent with governing law and documents, and made in good faith.[19]

We are mindful that there may be situations in which a gate-access restriction could violate this reasonableness requirement. But determining the reasonableness of a specific regulation would depend on determinations of fact beyond the scope of a legal opinion from this office. For purposes of answering the purely legal question presented to us, we cannot say that the general type of restriction described would, as a matter of law, violate Civil Code section 4505(a).

---

[18] Civ. Code, § 4350, subd. (e); *Sui v. Price, supra*, 196 Cal.App.4th at p. 940 (determination of reasonableness of rule, like declaration, is by reference to facts relating to the development as a whole).

[19] Civ. Code, § 4350.