Filed 5/25/16  McAdory v. Bolle CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JAMES McADORY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LISA M. BOLLE et al.,<br><br>    Defendants and Respondents. | D068975<br><br><br>(Super. Ct. No.<br> 37-2015-00003951-CU-PO-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dalquist, Judge.  Affirmed.

James McAdory, in pro. per., for Plaintiff and Appellant.

Gibbs & Fuerst and Russell S. Fuerst, for Defendants and Respondents.

Plaintiff and appellant James McAdory, a self-represented litigant, appeals from a judgment of dismissal in favor of defendants and respondents Lisa Bolle, Lettie Estrada and Long Pham entered after the trial court sustained defendants' demurrer without leave to amend.  McAdory focuses on the merits of his disputes, and contends he has suffered emotional distress caused by false accusations and other lies by the defendants.  Because

we conclude his complaint does not state facts sufficient to constitute a cause of action, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

We state the background by accepting "as true all material allegations of [McAdory's] complaint" (*Bernson v. Browning-Ferris Industries* (1994) 7 Cal.4th 926, 929), from the documents contained in the appellant's appendix, and partly from the register of actions in this matter, of which we take judicial notice. (Evid. Code, §§ 452, subd. (c); 459.) In February 2015, McAdory filed a Judicial Council form complaint for personal injury against Bolle, Estrada and Pham. McAdory listed his causes of action as for intentional and negligent infliction of emotional distress and civil rights violations. In a single-spaced attachment to his complaint, McAdory alleged that Bolle, an attorney, and Estrada made false statements at a February 2014 civil harassment hearing brought by Estrada, that Bolle sent him falsified documents concerning a rescheduled case management conference causing him to miss it, and that Bolle refused to give him a "disinvite" letter from Estrada's employer, Food4Less, that Bolle had in her possession and was important to his case. He alleged that Estrada perjured herself at the hearing about the circumstances of his visits to her place of employment. McAdory alleged that Pham, another Food4Less employee, harassed him by calling him a "freak" and a "crazy, stupid man." McAdory alleged that his causes of action were for defamation, "discrimination based disability," and intentional and negligent infliction of emotional distress. McAdory attached various exhibits to his complaint, including his letters to Bolle requesting a copy

2

of Food4Less's letter, and unsworn statements from persons who stated they were present at the civil harassment hearing.

Defendants demurred to all of the causes of action in part on grounds the pleading was so uncertain as to render it impossible for them to reasonably respond, and the defamation and emotional distress causes of action were barred under the Civil Code section 47, subdivision (b) litigation privilege. In June 2015, the court issued a tentative ruling in the matter sustaining the demurrer without leave to amend.[1] In part, the court ruled: "Defendants Lisa Bolle, Lettie Estrada, and Long Pham's unopposed demurrer to the complaint is sustained without leave to amend. The Court deems the lack of opposition to the demurrer to be a concession as to the merits of the demurrer. [¶] If plaintiff appears at oral argument and is able to demonstrate that the complaint may be amended to cure the defects alleged in the demurrer, the Court will consider granting leave to amend. Otherwise, the demurrer will be sustained without leave to amend." The next day, the court held a hearing on the matter, which McAdory attended. The court heard oral argument on the matter and confirmed its tentative ruling.! (RA 16)!

On July 20, 2015, the court entered a judgment of dismissal with prejudice on defendants' demurrer, which it had sustained without leave to amend. It ordered that McAdory take nothing on his complaint as against the defendants.

A week later, McAdory filed a sworn "response in opposition to [the court's] tentative ruling" on defendants' demurrer. (Some capitalization omitted.) McAdory

---

[1] Defendants' motion to strike is not contained in the appellate record.

3

stated that he appeared at the hearing, but was told the court had entered a tentative ruling against him and had assumed he conceded the defendants' position given the fact he had not submitted written opposition. McAdory asserted that he made it clear to the court that he did not concede the defendants' factual assertions, but had been brought into a "state of confusion" and suffered a "relapse in [his] cognitive abilities" due to the "lies and systematic harassment" directed toward him. He stated that the declaration was his "way of formally and officially opposing [the court's] decision." McAdory additionally stated he had filed a complaint against attorney Bolle.

In August 2015, defendants filed an amended judgment.[2] Following entry of that judgment, McAdory timely filed a notice of appeal.

## DISCUSSION

### I. *Standard of Review*

"A general demurrer searches the complaint for all defects going to the existence of a cause of action and places at issue the legal merits of the action on assumed facts." (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.) On appeal from a judgment of dismissal after a demurrer is sustained without leave to amend, this court "accept[s] as true the well-pleaded allegations in plaintiff's . . . complaint" but we do not assume the truth of " ' "contentions, deductions or conclusions of fact or law." ' " (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 (*Evans*).) We also consider matters that may be judicially noticed. (*Ibid*.; Code Civ. Proc., § 430.30, subd. (a).) However, " '[w]hen judicial notice is taken

---

[2] The amended judgment is not in the appellate record, but identified in the register of actions.

of a document . . . the truthfulness and proper interpretation of the document are disputable.' " (*StorMedia Inc. v. Superior Court* (1999) 20 Cal.4th 449, 457, fn. 9.)

"We also consider the complaint's exhibits. [Citations.] Under the doctrine of truthful pleading, the courts 'will not close their eyes to situations where a complaint contains allegations of fact inconsistent with attached documents, or allegations contrary to facts which are judicially noticed.' [Citation.] 'False allegations of fact, inconsistent with annexed documentary exhibits [citation] or contrary to facts judicially noticed [citation], may be disregarded . . . .' " (*Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400.)

We examine the complaint's allegations, exhibits and matters properly subject to judicial notice de novo to determine whether the complaint states facts sufficient to state a cause of action under any legal theory. (*McCall v. PacifiCare of California, Inc.* (2001) 25 Cal.4th 412, 415.) In exercising our independent judgment, "[w]e give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Evans*, *supra*, 38 Cal.4th at p. 6.)

Nevertheless, "[i]n order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer." (*Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 752; *Yan Sui v. Price* (2011) 196 Cal.App.4th 933, 938.)

" ' "[I]f a trial court sustains a demurrer without leave to amend, appellate courts determine whether or not the plaintiff could amend the complaint to state a cause of action." ' [Citation.] '[W]e decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' " (*Yan Sui v. Price*, *supra*, 196 Cal.App.4th at pp. 938-939, in part quoting *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

## II. *McAdory's Claims Are Reviewable on Appeal*

McAdory's failure to file opposition to the defendants' demurrer below does not preclude this court from reviewing his claims on appeal. " 'When a demurrer is sustained without leave to amend the petitioner may advance on appeal a new legal theory why the allegations of the petition state a cause of action.' [Citation.] This is so because of the general rule that ' "a litigant may raise for the first time on appeal a pure question of law which is presented by undisputed facts." ' " (*Dudley v. Department of Transp.* (2001) 90 Cal.App.4th 255, 259; see also *Graham v. Bank of American, N.A.* (2014) 226 Cal.App.4th 594, 610.)

## III. *Inadequate Briefing and Record*

Our review, however, is hindered by McAdory's failure to comply with appellate briefing rules, which is fatal to his appeal. McAdory bears the burden of demonstrating that there is prejudicial error in the trial court's ruling sustaining defendants' demurrer without leave to amend. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Ballard v.*

6

*Uribe* (1986) 41 Cal.3d 564, 574.)  We never presume such error, but rather presume the contrary, in favor of the judgment.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  McAdory " 'must raise claims of reversible error or other defect [citation], and "present argument and authority on each point made" ' " or risk abandonment of his claims.  (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8.)  Under these principles, where the record is silent, this court will indulge all presumptions and intendments to support the appealed-from judgment or order.  (See *Denham*, at p. 564.)

McAdory presents no meaningful argument addressing the merits of defendants' demurrer.  His brief begins with cursory assertions about the facts underlying all of his causes of action, and his "statement of facts" consists of a recitation of factual assertions, many of them conclusory and argumentative, without tying them to his complaint's allegations.  McAdory has not demonstrated whether these facts were set out in his complaint, or if not, whether he presented them to the trial court at oral argument on the matter.  While defendants have submitted their demurrer papers in a respondents' appendix, the record is without any reporter's transcript of the oral proceedings or suitable substitute, such as a settled or agreed upon statement.  (Cal. Rules of Court, rule 8.137.)  The record contains no copy of a proposed amended complaint.

As for McAdory's exhibits to his complaint, McAdory has not requested that we take judicial notice of these documents.  Their factual contents are not judicially noticeable in any event, as their truthfulness is disputable.  (*StorMedia Inc. v. Superior Court*, *supra*, 20 Cal.4th at p. 457, fn. 9.)

7

Though McAdory provides authority for the general elements of his causes of action, he undertakes no legal analysis explaining why the challenged pleading states a cause of action under these theories or any other legal theory. We are not required to develop a party's arguments and legal theories. (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["An appellate court is not required to examine undeveloped claims, nor to make arguments for parties"]; Cal. Rules of Court, rule 8.204(a)(1)(B) ["Each brief must [¶] . . . [¶] [s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority"].) These procedural deficiencies alone would permit us to affirm the judgment.

IV. *McAdory's Complaint Fails to State a Cause of Action*

We conclude in any event, accepting the complaint's factual allegations, as well as McAdory's appellate assertions, that McAdory's pleading fails to state a cause of action against defendants.

A. *Defamation Against Bolle and Estrada*

As for his first cause of action for "defamation" against Estrada and Bolle, McAdory sets forth the supporting factual allegations as follows: "On February 7th of 2014 . . . Bolle and . . . Estrada both uttered false accusations against me in a Court of Law before the Honorable Judge Gregory Pollack." In his complaint, McAdory alleges that at the civil harassment hearing, Bolle falsely stated that the Food4Less employees told McAdory numerous times to stop harassing Estrada and to stop patronizing the store, which was why he was given a dis-invite letter. He alleged that Bolle sent him a falsified document concerning his case management conference.

8

"Defamation constitutes an injury to reputation; the injury may occur by means of libel or slander.  [Citation.]  . . .  A false and unprivileged *oral* communication attributing to a person specific misdeeds or certain unfavorable characteristics or qualities, or uttering certain other derogatory statements regarding a person, constitutes slander." (*Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1242.)  To be defamatory, an oral or written communication must contain a false statement of fact.  (*Gregory v. McDonnell Douglas Corp.* (1976) 17 Cal.3d 596, 600.)

McAdory's allegations make clear that the challenged communications occurred during or in connection with judicial proceedings, that is, the civil harassment hearing brought by Estrada as well as McAdory's civil lawsuit against Food4Less.  They are therefore protected under the Civil Code section 47, subdivision (b) litigation privilege, which "applies to a publication or broadcast made in legislative proceeding, judicial proceeding or other proceeding authorized by law.  The privilege does not apply unless the statements were made in anticipation of an official proceeding or during an official proceeding."  (*Bikkina v. Mahadevan* (2015) 241 Cal.App.4th 70, 90, citing *Hagberg v. California Federal Bank FSB* (2004) 32 Cal.4th 350, 368.)  " 'The privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." ' "  (*Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1272, quoting *Action Apartment Assn., Inc. v. City of Santa Monica*, (2007) 41 Cal.4th 1232, 1241.)  "The litigation privilege is absolute and broadly applied regardless of malice."  (*Falcon*, at p. 1271.)  The privilege bars McAdory's defamation

9

claims. (See *Holland v. Jones* (2012) 210 Cal.App.4th 378, 382 [litigation privilege barred defamation action].)[3]

B. *Discrimination Based on Disability Against Pham*

As for his cause of action for "discrimination based on disability" against Pham, McAdory asserts that the underlying factual allegations are that "Bruce Lawrence was made aware of my mental illness and yet he chose to disclose the matter with . . . Pham. By which . . . Pham repeatedly called me crazy and stupid." In his complaint, McAdory alleges that "Pham . . . harassed me from March of 2011 until March 1st of 2013. On July 16th of 2012, Mr. Pham called me a freak." In his opening brief, McAdory additionally claims that on one occasion in September 2012, Pham surrounded him with employees and laughed at him as he gave McAdory the dis-invite letter, which McAdory tore up and threw away, and six months later when McAdory returned to the Food4Less, Pham again surrounded McAdory with ten male employees and told him not to set foot on the property.

The flaw in these allegations is that McAdory does not suggest under what theory he asserts a discrimination claim against Pham. He cannot allege he suffered

---

[3]    We note that the litigation privilege does not apply to the crime of perjury or subornation of perjury. (Pen. Code, §§ 118, 127 et seq.; *Action Apartment Association, Inc. v. City of Santa Monica*, *supra*, 41 Cal.4th at p. 1246.) However, a civil action for damages for injuries arising from perjury has never been recognized in California. (*Pollock v. University of Southern California* (2003) 112 Cal.App.4th 1416, 1429 ["There is no civil cause of action for 'perjury' "]; *Carden v. Getzoff* (1987) 190 Cal.App.3d 907, 915 ["injurious perjury and suborning such perjury cannot be the basis of a civil action"]; *Legg v. Ford* (1960) 185 Cal.App.2d 534, 542–543 ["Subornation of perjury, being a crime and not a tort, is subject to criminal prosecution brought in the interest of the state and not to redress a private wrong"].)

discrimination in terms, conditions or privileges of employment as an *employee*.[4]  The

Fair Employment and Housing Act states in part:  "It is an unlawful employment practice

. . .  [¶]  (a) For an employer, because of . . . mental disability . . . to discriminate against

[an employee] . . . in terms, conditions, or privileges of employment."  (Gov. Code,

§ 12940, subd. (a).)  We are otherwise unable to ascertain any basis for McAdory's

unspecified discrimination cause of action.

C.  *Intentional Infliction of Emotional Distress Against Pham*

McAdory asserts that his intentional infliction of emotional distress cause of

action is based on "[a]ll the harsh treatment, the lies told, [and] the giggles and laughs

directed at me."  He alleged in his complaint that Pham called him a "freak" and a "crazy,

stupid man."

" 'The elements of a prima facie case for the tort of intentional infliction of

emotional distress are: (1) extreme and outrageous conduct by the defendant with the

intention of causing, or reckless disregard of the probability of causing, emotional

distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual

and proximate causation of the emotional distress by the defendant's outrageous conduct.

[Citations.]  . . .  Conduct to be outrageous must be so extreme as to exceed all bounds of

that usually tolerated in a civilized community.' "  (*Wilson v. Hynek* (2012) 207

Cal.App.4th 999, 1009; see also *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050-1051.)

---

4      In McAdory's statement of facts in his opening brief, he asserts he was customer
of the Escondido Food4Less for 17 years.

" 'It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.' " (*Fuentes v. Perez* (1977) 66 Cal.App.3d 163, 172.)

We conclude McAdory's allegations do not plead any conduct by Pham that would be considered so outrageous as to exceed all bounds of that usually tolerated in a civilized society. The California Supreme Court has made clear that "[l]iability for intentional infliction of emotional distress ' "does not extend to mere insults, indignities, threats, annoyances, [or] petty oppressions . . . ." ' " (*Hughes v. Pair*, *supra*, 46 Cal.4th at p. 1051; see *Yurick v. Superior Court* (1989) 209 Cal.App.3d 1116, 1129 [no intentional infliction of emotional distress claim where defendant supervisor called the plaintiff senile and a liar on multiple occasions].) " ' "The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind." ' " (*Johnson v. Ralphs Grocery Co.* (2012) 204 Cal.App.4th 1097, 1109.)

D. *Negligent Infliction of Emotional Distress Against Bolle, Estrada and Pham*

For his negligent infliction of emotional distress cause of action, McAdory merely states: "It is my intent to set forth in the Statement of Facts all the actions displayed by the Defendants that has caused me considerable hurt and emotional distress." We presume this cause of action is based on all of the foregoing conduct that McAdory alleged was directed at him. Even liberally construing McAdory's allegations, we conclude they do not state a cause of action for negligent infliction of emotional distress.

12

" 'The law of negligent infliction of emotional distress in California is typically analyzed . . . by reference to two "theories" of recovery: the "bystander" theory and the "direct victim" theory.' " (*Gu v. BMW Of North America, LLC* (2005) 132 Cal.App.4th 195, 204, quoting *Burgess v. Superior* Court (1992) 2 Cal.4th 1064, 1071.) The bystander theory, under which a plaintiff seeks to recover damages for serious emotional distress suffered as a result of an injury to a close family member (*Gu*, at p. 204), is not applicable here. We therefore determine whether McAdory has stated facts sufficient for a cause of action for negligent infliction of emotional distress based on a direct victim theory.

The California Supreme Court has made clear that with respect to the direct victim theory, "there is no independent tort of negligent infliction of emotional distress." (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 984; *Burgess v. Superior Court*, *supra*, 2 Cal.4th at p. 1072; *Christensen v. Superior Court* (1991) 54 Cal.3d 868, 884; *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583, 588; see *Gu v. BMW of North America, LLC*, *supra*, 132 Cal.App.4th at p. 204.) In fact, "[t]he tort is negligence, a cause of action in which duty to the plaintiff is an essential element." (*Potter*, at p. 984.) But the law in California is that there is no duty to avoid negligently causing emotional distress to another; there must be some other duty to the plaintiff implicated. (*Id*. at p. 984 [explaining that such a rule, adopted in Texas, "is already the law in California"].) The duty may be imposed by law, assumed by the defendant or exist via a special relationship. (*Id*. at p. 985; *Marlene F.*, at p. 590.) "[U]nless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff

13

is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty. Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests." (*Potter*, at p. 985; see also *Erlich v. Menezes* (1999) 21 Cal.4th 543, 555.) The existence of a duty is a question of law. (*Huggins v. Longs Drug Stores California, Inc.* (1993) 6 Cal.4th 124, 129.) "[A] court's task—in determining 'duty'—is not to decide whether a *particular* plaintiff's injury was reasonably foreseeable in light of a *particular* defendant's conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party." (*Ballard v. Uribe*, *supra*, 41 Cal.3d at p. 573, fn. 6.)

We are unable to glean from McAdory's allegations any facts suggesting that the defendants owed McAdory any duty, much less that McAdory's emotional distress was caused by a breach of duty. There are no allegations demonstrating any legal duty, a special relationship between the defendants and McAdory, or an assumption of a duty concerning McAdory's emotional health by any defendant.[5] We cannot say severe

---

[5] "Valid claims for negligent infliction of emotional distress have been found where the defendant breached the duty of care that arises in the physician-patient relationship [citations], as well as in the psychotherapist-patient relationship [citation], and in the relationship between a mortuary and the close relatives of the decedent for whose benefit the mortuary was to provide funeral services [citation]. In short, '[c]ases permitting recovery for emotional distress typically involve mental anguish stemming from more

14

emotional distress is a natural consequence of actions of the sort McAdory alleges, and therefore conclude any harm to McAdory was not foreseeable.  The trial court accordingly did not err by sustaining the demurrer to McAdory's cause of action for negligent infliction of emotional distress.

## V.  *Leave to Amend*

McAdory presents no meaningful argument addressing the trial court's denial of leave to amend, which we review for abuse of discretion.  (*Fairview Valley Fire, Inc. v. California Department of Forestry* (2015) 233 Cal.App.4th 1262, 1268.)  He has not shown that there is a reasonable possibility an amendment could cure the defects in his complaint, and therefore has not met his burden to establish prejudicial error in this regard.  (*Boyle v. CertainTeed Crop.* (2006) 137 Cal.App.4th 645, 649-650; *Flores v. California Department of Corrections and Rehabilitation* (2014) 224 Cal.App.4th 199, 204; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 459 ["The burden is on the plaintiff to demonstrate the manner in which the complaint might be amended, and the appellate court must affirm the judgment if it is correct on any theory"].)  "It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness."  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)  We conclude the trial court did not abuse its discretion in sustaining the demurrer without leave to amend.

## DISPOSITION

---

personal undertakings the traumatic results of which were unavoidable.' "  (*Gu v. BMW of North America, LLC*, *supra*, 132 Cal.App.4th at p. 207.)

15

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.